# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LYNN RIDDLES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 19-00273-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On February 12, 2019, Jennifer Lynn Riddles ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Title II Social Security Disability Insurance Benefits ("DIB"). (Dkt. 1.) The Commissioner filed an Answer on May 20, 2019. (Dkt. 14.) On August 16, 2019, the parties filed a Joint Submission ("JS"). (Dkt. 16.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 56 year-old female who applied for Title II Social Security Disability Insurance Benefits on June 9, 2015, alleging disability beginning June 1, 2014. (AR 19.) The ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of June 1, 2014, through her date last insured of December 31, 2016. (AR 21.)

Plaintiff's claim was denied initially on January 7, 2016. (AR 19.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr., on February 13, 2018, in San Bernardino, California. (AR 19.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 19.) Vocational expert ("VE") Jeff Komar also appeared and testified at the hearing. (AR 19.)

The ALJ issued an unfavorable decision on March 9, 2018. (AR 19-26.) The Appeals Council denied review on December 19, 2018. (AR 1-3.)

# DISPUTED ISSUES

As reflected in the Joint Submission, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's right ankle injury.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can

still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of June 1, 2014, through her date last insured of December 31, 2016. (AR 21.)

At step two, the ALJ determined that through the date last insured Plaintiff had the following medically determinable severe impairments: lumbar impairment, left hip impairment, and left drop foot. (AR 21.)

At step three, the ALJ determined that through the date last insured Plaintiff did not have an impairment or combination of impairments that meets or medically equaled the severity of one of the listed impairments. (AR 21-22.)

The ALJ then found that through the date last insured Plaintiff had the RFC to perform a limited range of light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> Claimant is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently. Claimant is unable to operate foot pedals with her left foot.
>
> Claimant has been able to sit for 1 or 2 minutes every 30 minutes she spends on her feet.

(AR 22-24.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 23.)

At step four, the ALJ found that through the date last insured Plaintiff was not able to perform her past relevant work as a veterinary technician. (AR 24.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience, and RFC, through the date last insured there were jobs that existed in significant numbers in the national economy that Claimant could have performed, including the jobs of order caller (light) and parking attendant (light). (AR 24-25.)

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act through December 31, 2016, the last date insured. (AR 25.)

## DISCUSSION

Plaintiff contends that the ALJ did not adequately address her right ankle injury suffered in November 2016 when formulating her RFC. Consequently, she asserts, the ALJ's light work RFC is legally deficient and not supported by substantial evidence. If her RFC was limited to sedentary work because of her ankle, she would be disabled under Grid Rule 201.14.

The Court rejects Plaintiff's argument. Plaintiff failed to prove that her ankle injury was a medically determinable severe impairment that lasted for 12 months, as required by Social Security law. 42 U.S.C. § 423(d)(1)(A). The ALJ's RFC is supported by substantial evidence.

**A.    Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence,

including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

**B.     Background**

The ALJ determined that Plaintiff had the medically determinable severe impairments of lumbar impairment, left hip impairment, and left drop foot for the relevant period.  (AR 21.)  The ALJ assessed a light work RFC (AR 22) and found her not disabled.  (AR 22.)

Plaintiff's alleged onset date is June 1, 2014.  (AR 19.)  Her date last insured ("DLI") was December 31, 2016.  (AR 21.)  In November 2016, one month prior to her DLI, Plaintiff underwent an open reduction internal fixation of the right ankle bimalleolar fracture.  (AR 23.)  The ALJ noted that by June 2017, treatment notes did not indicate any musculoskeletal abnormalities.  (AR 23.)

**C.     Analysis**

Plaintiff's only challenge in this appeal is to the ALJ's treatment of Plaintiff's November 2016 right ankle injury/surgery.  She does not dispute the ALJ's finding of non-disability from June 2014 through November 2016.  Her argument is that her ankle injury in November 2016 rendered her disabled just before her insured status expired on December 31, 2016.

Plaintiff has the burden to prove her impairments became disabling before her insured status expired on December 31, 2016.  See 42 U.S.C. § 423(a)(1)(A) and (c); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).  Plaintiff also must prove that she had a medically determinable impairment that prevented her from performing substantial gainful activity for a continuous 12 month period.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 1509.  She must prove that she had such an impairment before her DLI and that the impairment existed continuously for 12 months since then.  Flaten v. Sec'y Of Health & Hum. Res., 44 F.3d 1453, 1458-60 (9th Cir. 1995).

Plaintiff's assertion that the ALJ did not adequately address her ankle injury is incorrect.  The ALJ specifically noted that Plaintiff had right ankle surgery in November 2016.  (AR 23.)

The ALJ also noted that treatment notes in June 2017, less than 12 months after surgery, did not indicate any musculosketal abnormalities. (AR 23.) There is no evidence that Plaintiff's ankle injury resulted in limitations for the required 12 months. No treating or examining physician opined Plaintiff is disabled or has limitations greater than those assessed by the RFC. (AR 24.)

Nor did the ALJ err by not finding Plaintiff's ankle injury to be a severe impairment. In May 2017, six months after surgery, her physician Dr. Burgdorff stated: "She no longer has any significant pain, she [has] been to physical therapy 6 times [and] it's helped a great deal." (AR 565.) On that same date, progress notes indicated: "There is minimal tenderness over the hardware. There is no soft tissue swelling. She walks without a limp." (AR 566.) Dr. Burgdorff also remarked that "her ankle is recovered dramatically since her last visit." (AR 567.) In June 2017, treatment notes did not indicate any musculoskeletal abnormalities. (AR 419.) In October 2017, still less than 12 months from the ankle surgery, there was no mention of any ankle issues. (AR 495.) Plaintiff did not meet her burden to prove that her ankle injury was a medically determinable severe impairment that lasted 12 months.

Plaintiff attempted to rely on her own subjective reports of pain and limitations when she testified at the February 2018 hearing. Her subjective testimony alone, however, may not establish a medically determinable impairment. A medically determinable impairment may be established only "by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. No treating or examining physician imposed any restrictions greater than those in the ALJ's RFC.

To the extent the ALJ's findings were too sparse, any error is harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006). Here, nothing in the record indicates that Plaintiff's ankle injury resulted in limitations lasting 12 months. Plaintiff did not carry her burden to prove an impairment that imposed limitations for 12 months.

Plaintiff does not agree with the ALJ's interpretation, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d at 853, 857 (9th Cir. 2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld").

The ALJ adequately addressed Plaintiff's ankle injury. The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: December 30, 2019          */s/ John E. McDermott*
                                                 JOHN E. MCDERMOTT
                                       UNITED STATES MAGISTRATE JUDGE